UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-68-FDW

| | |
|---|---|
| TROY A. WITSCHI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| NORTH CAROLINA DEPARTMENT ) | |
| OF PUBLIC SAFETY, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1), on Plaintiff's Motion to Appoint Counsel, (Doc. No. 4), on Plaintiff's Declaration for Entry of Default, (Doc. No. 10), and on Plaintiff's Motion for an Order Compelling Discovery, (Doc. No. 11). See 28 U.S.C. §§ 1915(e)(2); 1915A.

**I.  BACKGROUND**

Pro se Plaintiff Troy A. Witschi, a North Carolina state inmate currently incarcerated at Mountain View Correctional Institution, filed this action on March 13, 2014, pursuant to 42 U.S.C. § 1983.[1] In his Complaint, Plaintiff names as Defendants the North Carolina Department of Public Safety; Susan White, identified as Superintendent of Mountain View; Mike Slagle, identified as the Assistant Superintendent of Mountain View; FNU Ledford, identified as a staff

---

[1] On May 7, 2007, Plaintiff was convicted in McDowell County Superior Court of statutory rape/sex offense and incest, and he was sentenced to 420-513 months imprisonment. Plaintiff is also serving a concurrent sentence totaling 360 months based on his conviction from May 16, 2007, in this Court for sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a) and aiding and abetting such crime, under 18 U.S.C. § 2. (Crim. No. 1:06cr23-MR-DLH, Doc. No. 44: Judgment).

1

member of "Food Service II": FNU Wood, identified as a staff member of "Food Service I"; FNU Wineburger, identified as the Kitchen Steward at Mountain View; and George Solomon, identified as Director of Prisons for the State of North Carolina. Plaintiff purports to bring a claim of cruel and unusual punishment under the Eighth Amendment based on his allegation that he has been given an improper diet while at Mountain View. Specifically, Plaintiff alleges the following facts in support of his Eighth Amendment claim:

> Since October 17, 2011, I have been complaining formally to [Mountain View] administrators regarding my food allergies. I have filed 13 plus grievances since coming to [Mountain View], all in which some form of retaliation has taken place. Since my diagnosis, my medical special diet known for my allergies to soy and oats, [Mountain View] has ignored completely the medical ordered diet, and the dietician classification, by reducing portions sizes or/and by serving soy and oats on my tray. They refuse to serve the proper menu and/or will not follow proscribe[d] menu. Then kitchen steward Wineburger ordered me to sit down and eat food which contains soy. Upon information and belief, none of the kitchen stewards are qualified dieticians nor have any of the forementioned skills. The kitchen officers do not watch or verify the proper serving of said meals. They alleged that everything has been done to address the issues on my grievances, yet at no prevail. This negligence has cause[d] unwanton pain and suffering by the kitchen steward Wineburger, FSI Ledford and FSI Wood, in which all were and is working under the color of state law.

(Doc. No. 1 at 2-3). Plaintiff alleges that he has lost more than thirty pounds since he has been at Mountain View. (Id.). Plaintiff seeks injunctive and declaratory relief as well as compensatory and punitive damages.

The grievances attached to Plaintiff's administrative remedies statement indicate that Plaintiff is under a medical order dated October 2, 2012, for "no soy and oats." (Doc. No. 7 at 21). Plaintiff alleges that since October 2011 he has filed numerous grievances complaining about his diet to Mountain View officials. Plaintiff complains in his grievances that the allergy diet he is being fed has less food than the regular diet and not enough calories. At the same time, he also complains that the diet he is being fed is not his medically ordered diet, as he contends

2

that it contains soy and oats. As to each grievance, the prison responded that an investigation had shown that the kitchen was serving meals according to Plaintiff's allergy diet as ordered by medical. See (Id. at 12; 14). One of the grievances noted further that Plaintiff "has repeatedly refused to eat the food prepared for him according to his menu and all efforts are made to follow his diet." (Id. at 21).

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III.    DISCUSSION

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Extreme deprivations are required, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992). The plaintiff must allege

facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 847 (1994). A plaintiff must also allege "a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.3d 1375, 1381 (4th Cir. 1993).

Here, Plaintiff has not alleged sufficient facts to proceed past initial review. The Court first notes that, even taking as true Plaintiff's allegation that he is not being fed a diet that complies with his medically ordered diet, this allegation in and of itself does not state a claim for a constitutional violation. Generally speaking, a prison official cannot be found to be deliberately indifferent to a serious medical need based solely on the prisoner's allegation that he was not given a special diet to accommodate a food allergy because the Constitution does not require such an accommodation. Joseph v. Mercer Cnty. Comm'rs, No. 3:12 CV 847, 2012 WL 6018125, at *13 (N.D. Ohio Dec. 3, 2012) (dismissing with prejudice prisoner's Eighth Amendment claim grounded in the prison's alleged indifference to the prisoner's peanut allergy); McKenny v. Moore, No. 4:08-08-03705, 2009 WL 152652, at *2 (D.S.C. Jan. 22, 2009) (examining plaintiff's food allergy claim under § 1915 and finding that "Plaintiff provides no factual information to indicate that his food allergies constitute a serious medical condition. Thus, as an initial matter, Plaintiff fails to establish a serious medical need, which is required to state a cognizable claim of deliberate indifference."). Rather, to prevail on an Eighth Amendment claim under Plaintiff's theory of the case, he would have to show that he was not provided with adequate nourishment to sustain his health. See LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993). Plaintiff has not done so here. First, Plaintiff has not alleged sufficient facts to show that his food allergies themselves constitute a serious medical condition. Furthermore, although Plaintiff makes the conclusory claim that his situation has "cause[d]

4

unwanton pain and suffering," he does not allege specific facts suggesting that he is not being provided with adequate nourishment to sustain his health.[2] Plaintiff has not alleged any specific facts indicating that his health has deteriorated while at Mountain View or that he was suffering from any serious medical condition since allegedly being deprived of his medically ordered diet. As to the alleged weight loss, the mere fact that Plaintiff has lost weight since entering Mountain View does not in and of itself establish that the prison failed to offer Plaintiff with enough food to meet his nutritional needs.[3] As already noted, one of the grievance responses stated that Plaintiff "has repeatedly refused to eat the food prepared for him according to his menu." (Doc. No. 7 at 21). Plaintiff is plainly unsatisfied with the diet he is being fed while at Mountain View. However, the Constitution does not entitle Plaintiff to receive the diet of his choice. See Lunsford v. Bennett, 17 F.3d 1574, 1580 (7th Cir. 1994). For the reasons stated herein, the Court finds that Plaintiff has failed to state an Eighth Amendment claim.

IV. **CONCLUSION**

For the reasons stated herein, Plaintiff's Complaint is dismissed for failure to state a claim.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** for failure to state a claim.

2. Plaintiff's Motion to Appoint Counsel, (Doc. No. 4), Plaintiff's Declaration for Entry of Default, (Doc. No. 10), and Plaintiff's Motion for an Order Compelling Discovery,

---

[2] Because Plaintiff does not state an Eighth Amendment claim in the first instance, the Court does not analyze his claims as to each individual Defendant and any possible defenses to liability.

[3] Plaintiff alleges that he has been complaining about his diet to Mountain View officials since at least October 2011. See (Doc. No. 1 at 2). Plaintiff filed this action on March 13, 2014. A thirty-pound weight loss over a span of two-and-a-half years does not indicate that Plaintiff is not getting his nutritional needs met.

5

(Doc. No. 11), are all **DENIED** as moot.

3. The Clerk is directed to terminate this action.

Signed: July 28, 2014

Frank D. Whitney
Chief United States District Judge